UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES PIERCEFIELD, )<br>)<br>      Plaintiff, )<br>)<br>  v. )<br>)<br>INTERNATIONAL TRUCK AND )<br>ENGINE CORPORATION, )<br>)<br>      Defendant. ) | CASE NO. 1:05-cv-1873-DFH-WTL |

ENTRY ON DEFENDANT'S MOTION TO DISMISS

Plaintiff James Piercefield has sued International Truck and Engine Corporation ("International Truck") for violating his rights under Section 10002(a) of the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA"), codified in 29 U.S.C. § 1161 *et seq.* International Truck has moved to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Piercefield's claim is barred by the applicable statute of limitations. As explained below, the court agrees and grants defendant's motion to dismiss.

*Standard for Dismissal*

In ruling on a motion to dismiss under Rule 12(b)(6), the court must assume as true all well-pleaded facts set forth in the complaint, construing the allegations

liberally and drawing all inferences in favor of the plaintiff. *Brown v. Budz*, 398 F.3d 904, 908-09 (7th Cir. 2005). Under the liberal notice pleading allowed in most federal civil actions, the plaintiff is entitled to the benefit not only of his allegations but of any other facts he might assert that are not inconsistent with the allegations of the complaint. See, *e.g., Trevino v. Union Pacific Railroad Co.*, 916 F.2d 1230, 1239 (7th Cir. 1990) (reversing dismissal on the pleadings). A defendant is entitled to dismissal only where it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005). A motion to dismiss may challenge whether the plaintiff has complied with procedural requirements, such as filing the claim within the required time-period. Although a plaintiff ordinarily need not plead that his suit is timely (because the statute of limitations is usually an affirmative defense), where the plaintiff alleges facts in the complaint that show the suit is untimely, the complaint is subject to dismissal under Rule 12(b)(6). *Tregenza v. Great American Communications Co.*, 12 F.3d 717, 719 (7th Cir. 1993) (affirming dismissal). That is the case here.

*Discussion*

The court treats the following allegations of fact as true for purposes of the defendant's motion to dismiss. Piercefield began his employment with International Truck on June 27, 1994. He was terminated on September 16, 2003. Piercefield alleges that International Truck did not provide him with notice of his COBRA rights to elect to pay himself for continuing healthcare coverage,

breaching its duty to provide such notice under 29 U.S.C. § 1166. Piercefield filed his complaint against International Truck on December 16, 2005, two years and three months after his termination.

COBRA requires administrators of most group health plans to provide the option of purchasing continued health care coverage to employees and their qualified beneficiaries who would otherwise lose coverage as a result of a qualifying event, such as termination. 29 U.S.C. § 1161. The employer is required to notify the plan administrator of the qualifying event within thirty days of its occurrence. 29 U.S.C. § 1166(a)(2). The administrator must then notify any qualified beneficiary of his or her COBRA rights to elect continued healthcare coverage within fourteen days. 29 U.S.C. § 1166(c). "Any administrator who fails to meet the requirements of [the notice provisions] . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . . ." 29 U.S.C. § 1132(c)(1).

Congress did not provide a statute of limitations for claims based on violations of the notice requirement under COBRA. When Congress does not provide a statute of limitations for claims arising under a federal statute, courts ordinarily apply the limitations period of the state law cause of action most analogous to the claim. *North Star Steel Co. v. Thomas*, 515 U.S. 29, 34-35 (1995). It appears that no court applying Indiana law has decided which limitations period

applies to COBRA claims. The parties here agree that the two year statute of limitations in Indiana Code § 34-11-2-4 applies, and the court accepts that agreement.[1] That two year statute of limitations applies to actions involving injury to person or character, injury to personal property, or a forfeiture or penalty given by statute.

Piercefield filed his claim two years and three months after his termination. The question is when Piercefield's claim arose. If it arose on the forty-fifth day after his termination, when the statutory deadline for giving him notice expired, his claim is time-barred, by 45 days.

Piercefield argues that he was damaged on each day that International Truck failed to provide him with proper notice of his COBRA rights, and that International Truck's failure to perform its statutory duty was a "continuing violation." It follows, he contends, that his claim is not barred by the two year statute of limitations. The court disagrees.

In general, where the alleged wrong is a failure to take some action in a timely way, such as giving notice, a claim for violating the duty to take that action accrues when the deadline for taking the action expires. See, *e.g.*, *Christiansen v.*

---

[1]Federal courts that have considered this issue are not in complete agreement on how to analogize COBRA's notice requirements to state law. Several courts have applied a state limitations period for unfair insurance settlement practices, finding them analogous to COBRA claims. See, *e.g.*, *Treanor v. Metropolitan Transportation Auth.*, 414 F. Supp. 2d 297, 302 (S.D.N.Y. 2005) (collecting cases taking different approaches). Indiana does not have a statute specific to unfair claims settlement practices.

*APV Crevaco, Inc.*, 178 F.3d 910, 914 (7th Cir. 1999) (union's continuing failure to file a grievance did not constitute a continuing violation that extended statute of limitations indefinitely); *Jones v. Citibank, Federal Savings Bank*, 844 F. Supp. 437, 442-43 (N.D. Ill. 1994) (granting summary judgment; bank's failure to notify customer within 30 days that it had denied loan application was not continuing violation; statute of limitations began running on 31st day). The reasoning of these cases applies here, where the alleged violation was a failure to give timely notice of information. Piercefield's cause of action accrued no later than the forty-fifth day after his termination – when the notification period expired. His claim is barred by the two-year statute of limitations since he did not bring his claim until two years and three months after the termination, or 45 days after the two year statute of limitations expired.

Piercefield's reliance on the continuing violation doctrine to avoid this result is not persuasive. "A violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct." *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). The Seventh Circuit recently explained under Illinois law: "The doctrine of continuing violation . . . 'does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous

whole for prescriptive purposes.'" *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006), quoting *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 86 (Ill. 2003).

These explanations of the continuing violation doctrine indicate that a violation of COBRA's notice requirement is not continuing. First, there was only one potential lawsuit arising out of the alleged violation – this suit now before the court. The kind of situation the Seventh Circuit wants to avoid by applying the continuing violation doctrine – where "it would be unreasonable to sue separately over every incident of the defendant's unlawful conduct" – does not exist here. *Heard*, 253 F.3d at 319. Further, Piercefield contends that he was damaged on each day that International allegedly failed to provide him with notice of his COBRA rights. But as noted above, the doctrine is not about the "delayed or continuing injuries." The focus is on the defendant's conduct, viewed "as a continuous whole." *Evans*, 434 F.3d at 934, quoting *Feltmeier*, 207 Ill. 2d at 279.

The statutory language does not resolve the issue. Violations of the notice provisions of COBRA subject the violator to a penalty of up to $100 per day. See 29 U.S.C. § 1132(c)(1) ("Any administrator who fails to meet the requirements of [the notice provisions] . . . may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to $100 a day from the date of such failure or refusal . . ."). Piercefield argues that this penalty supports the application of the "continuing violation" doctrine to a violation of COBRA's notice requirements. The penalty provision does not directly address when a claim

...

arises, however, and plaintiff's argument proves too much. Under his theory, a plaintiff who did not receive the required COBRA notice would be able to wait for years, accumulating as much as $100 per day in damages for many years, without any applicable limit. That would be a highly improbable reading of the statute.[2] The parties did not cite and the court did not find any case applying the continuing violation doctrine to a similar case – where an employer failed to provide the required COBRA notice to his employee. That apparent absence is not surprising. Under plaintiff's theory, the statute of limitations would never run on a COBRA notice violation.

The purposes of COBRA do not require or even suggest that the continuing violation doctrine should be applied to such claims. COBRA gives employees the right to elect to buy health insurance at their own expense but at group rates, typically for up to eighteen months after a qualifying event such as the loss of a job. The statute requires prompt notice of the qualifying event by the employer, and again, prompt notice of the COBRA rights by the plan administrator. "The continuation of coverage requirements, therefore, are intended as a 'stop-gap' measure to protect employees from medical expenses which might occur after the occurrence of a qualifying event." *Myers v. King's Daughters Clinic*, 912 F. Supp.

---

[2] Piercefield argues that the Fifth Circuit agrees with his interpretation of the statute, based on comments in *Lopez v. Premium Auto Acceptance Corp.*: "the remedy for a violation of § 1166 is a statutory penalty for each day of violation. This perhaps raises the question of whether [the defendant] has . . . violated the statute on each and every day, continuing into the present, that it failed to provide the required notice." 389 F.3d 504, 508 n.7 (5th Cir. 2004). It is apparent however that the Fifth Circuit merely raised the issue presented here, and did not decide it.

233, 237 (W.D. Tex. 1996), *aff'd mem.*, 96 F.3d 1445 (5th Cir. 1996); see also *Livingston v. South Dakota State Medical Holding Co.*, 411 F. Supp. 2d 1161, 1169 (D.S.D. 2006) ("COBRA's purpose is to prevent gaps in health care coverage."). That purpose can be served only if notice is given promptly, but two years is ample time to bring suit for a notice violation, and there is no reason to prolong the statute of limitations for such a claim indefinitely. Holding that the continuing violation doctrine does not apply to the violation of COBRA's notice requirements is consistent with these purposes – it encourages a plaintiff to file the claim promptly rather than to wait indefinitely, perhaps even gambling on gaining the benefit of hindsight to know whether he actually needed the rather expensive insurance.

Piercefield cites cases that have applied the continuing violation doctrine in different contexts. A look at these cases however reveals that they do not support his effort to apply the doctrine here. In *Klehr v. A. O. Smith Corp.*, the Supreme Court rejected the "last predicate rule" for determining when a civil RICO action accrues. 521 U.S. 179, 188 (1997). In so doing, it briefly discussed a "continuing violation," giving by way of example a "price fixing conspiracy that brings about a series of unlawfully high priced sales over a period of years." *Id.* at 189. The Court stated: "'each overt act that is part of the violation and that injures the plaintiff,' *e.g.*, each sale to the plaintiff, 'starts the statutory period running again. . . .'" *Id.* (citation omitted). Piercefield argues: "Just as the sale of an unlawfully priced product to a buyer is an overt act in violation of antitrust laws; so too is

each day that a plan administrator fails to perform his statutory duty to provide notice to a qualified beneficiary fo his or her rights pursuant to COBRA." Pl. Br. 4. This argument fails. The *Klehr* Court referred to "each overt act that injures the plaintiff," implying that the new overt act is one that injures the plaintiff. Here, each day the defendant allegedly failed to give notice inflicted no new injury.

In *Heard v. Sheahan, supra,* the Seventh Circuit applied the continuing violation doctrine to a prisoner's claim under 42 U.S.C. § 1983 and held that the claim was not time-barred. 253 F.3d at 319. The prisoner argued that prison officials inflicted cruel and unusual punishment by denying him medical care. Piercefield argues that this case is analogous to his because both involve omissions or a failure to act as prescribed by law. One additional day without the COBRA notice, however, can hardly be compared to an additional day of untreated severe pain, as was alleged in *Heard*. The court in *Heard* explained its holding: "Every day that [the prison officials] prolonged his agony by not treating his painful condition marked a fresh infliction of punishment that caused the statute of limitations to start renewing anew." *Id.* at 318. The alleged continued omission in this case did not have "fresh" results, nor did it "prolong" anything.

*Conclusion*

For the reasons explained above, defendant's motion to dismiss is granted. Final judgment will be entered accordingly.

So ordered.

Date: August 7, 2006

_____
DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Sylvia Abra Bier
LOCKE REYNOLDS LLP
sbier@locke.com

Julia F. Crowe
LOCKE REYNOLDS LLP
jcrowe@locke.com

Thomas E. Deer
LOCKE REYNOLDS LLP
tdeer@locke.com

Ronald E. Weldy
ABRAMS & WELDY
weldy@abramsweldy.com